UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hulon Dotson, #188487, | ) C/A No. 4:08-3807-HFF-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden, McCormick Correctional Institution, | ) |
| S.C. (et al), | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Hulon Dotson ("petitioner/Dotson"), is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 18, 2008. Respondents filed a

motion for summary judgment on February 9, 2009, along with supporting memorandum.  The

undersigned issued an order filed February 11, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately. On March 11, 2009, petitioner filed a response to

respondent's motion for summary judgment.


### I.  PROCEDURAL HISTORY

The procedural history as set forth by the respondent in his memorandum has not been

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

seriously disputed by the petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondent.

Petitioner is presently confined in the McCormick Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Anderson County conviction and sentence. The Anderson County Grand Jury indicted petitioner at the March 1993 term of court for murder (93-GS-04-824), armed robbery (93-GS-04-636), criminal conspiracy (93- GS-04-822) and possession of a weapon during the commission of a violent crime (93-GS-04-823). The Anderson County Public Defender, Robert A. Gamble, Esquire, represented him on these charges.

On September 8, 1993, he received a jury trial before the Honorable H. Dean Hall. The jury found him guilty as charged; and Judge Hall sentenced him to life imprisonment for murder; and to consecutive sentences of twenty-five years for armed robbery, five years for conspiracy and five years for possession of a weapon during the commission of a violent crime.

Petitioner timely served and filed notice of appeal. Assistant Appellate Defender Robert M. Pachak represented him on appeal. On April 18, 1994, Mr. Pachak filed his Final <u>Anders</u> Brief of Appellant on petitioner's behalf and petitioner to be relieved as counsel. The <u>Anders</u> brief presented the presented the following issue for review:

> Whether the trial judge erred in failing to instruct the jury that they had to find that the murder was a natural or probable consequence of the acts actually agreed on by the parties and that they had to find so beyond a reasonable doubt?

**Final *Anders* Brief of Appellant at p. 3**. Counsel for respondents assert that he has contacted the South Carolina Supreme Court and ascertained that petitioner did not file a *pro se* response.

On February 3, 1995, the South Carolina Supreme Court filed an unpublished Opinion, in

2

which it dismissed petitioner's appeal and granted counsel's motion to be relieved. *State v. Dotson*, 95-MO-045 (S.C. S.Ct., Feb. 3, 1995). The South Carolina Supreme Court sent the Remittitur to the Anderson County Clerk of Court on February 22, 1995. Respondent asserts that his counsel contacted the Anderson County Clerk of Court's Office and was informed that the Anderson County Clerk of Court filed the Remittitur on February 23, 1995.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (96-CP-04-995) on June 5, 1996. He alleged the following grounds for relief in his Application:

1. Lack of subject matter jurisdiction;

2. Fundamental unfairness;

3. Ineffective assistance of counsel;

4. Ineffective assistance of appellate counsel.

The State filed its Return on September 23, 1996.

The Honorable Tom J. Ervin scheduled an evidentiary hearing into the matter on January 19, 1998, at the Anderson County Courthouse. Petitioner was present at the hearing; and Edgar H. Long, Esquire, represented him. Assistant Attorney General J. Benjamin Aplin represented the State. At the hearing, petitioner and his attorney informed the PCR court that the petitioner wisto withdraw his application for post-conviction relief with prejudice.

On June 29, 1998, Judge Ervin filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. Judge Ervin found that petitioner's withdrawal and dismissal of the PCR Application was voluntary and that petitioner had "knowingly and intelligently elected to have said application dismissed with prejudice." Petitioner did not appeal from this Order and no further proceedings were had in state PCR.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegation in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**Ground One:**    Actual innocence, based upon denial of Sixth Amendment right to confront accuser.

## III.  SUMMARY JUDGMENT

On February 9, 2009, the respondent filed a return and memorandum of law in support of his motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court

5

application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1ˢᵗ  Cir. 1998) ("the

AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas

proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review.").  Further, the facts determined by the state court to which this standard is applied

are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence.  28

U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams

v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application"

phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's

application of clearly established federal law was objectively unreasonable."  Id. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified

procedures for consideration of habeas corpus petitions of state inmates in the federal courts.


## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The  respondent  asserts  that  the  petitioner's  claims  must  be  dismissed  as  untimely.

Specifically, respondent asserts that the petitioner's federal habeas petition should be dismissed

because it was not timely filed under the one-year statute of limitations created by the AEDPA.

Respondent argues since petitioner's conviction became final before the enactment of the AEDPA

on April 24, 1996, he had until April 24, 1997, to file his federal habeas corpus action unless the

period was at any time tolled. Respondent argues petitioner failed to file within the time period.

Petitioner filed a response to the motion for summary judgment asserting that he has made

a claim of actual innocense in that he withdrew from the common scheme or plan prior to the act of

murder being committed "and that being unable to comprehend the legal proceedings was the

proximate cause of his not testifying on his own behalf." Petitioner asserts that since he "was not

compedent [sic] to pursue his trial, direct appeal and PCR appeals the statute of limitations should

be tolled." (Response, doc. #19). Petitioner argues that he "was incompedent[sic] to stand trial, was

never evaluated, and could not waive his right to testify and his right to PCR should be granted a full

evidentiary hearing and counsel should be appointed." (Doc.#19). Petitioner argues that there are

"material factual disputes that warrants denial of the summary judgment motion and that he should

be subjected to psychological evaluation, MRI, and compedency[sic] evaluation." Id.

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state

inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to

establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute

now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

---

[6] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

if the applicant was prevented from filing by such
State action;

(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the
right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

(D)  the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

(2)  The time during which a "properly filed" application for State
post- conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection. (Emphasis added).

For convictions that became final before the AEDPA's effective date, the limitations period

began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v.

Angelone, supra. The period therefore expires on April 24, 1997 (absent tolling). See Hernandez v.

Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner's conviction became final before the AEDPA's effective date so he had until April

24, 1997, to file his habeas petition. Petitioner filed his PCR application on June 5, 1996. The PCR

application was dismissed on June 29, 1998, after petitioner voluntarily withdrew the application and

the PCR judge found that petitioner's withdrawal was voluntary and he had "knowingly and

intelligently elected to have said application dismissed with prejudice."  (PCR Order of Dismissal).

Petitioner did not appeal his PCR application. Petitioner did not file this federal habeas petition until

November 18, 2008.  Accordingly, petitioner's AEDPA period of limitations had clearly expired and,

thus, it is barred by the statute of limitations.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case

of <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).  As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
> > [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect.  *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law.  (J.A. at 328.)  The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P.  6(e)," was not an extraordinary circumstance beyond

9

> Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.)  The
> district court also found that Rouse's health during the limitations period did not
> warrant equitable tolling because he was not in "any way incompetent for a
> substantial part of the [limitations period]."  (J.A. at 331.)

Id. at 246-247.

Applying the law as described in Harris, any mistake or failure by counsel to file a timely

direct appeal does not present an extraordinary circumstance beyond petitioner's control. Harris, 209

F.3d at 331. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis

to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4ᵗʰ Cir. 2004).

Petitioner has argued that he has a third grade reading level and is mentally incompetent for

which he was not evaluated prior to trial. Therefore, petitioner argues that he was not competent to

pursue a direct appeal and a PCR appeal entitling him to equitable tolling of the statute of

limitations.

Respondent argues that petitioner's assertion that he should be excused from the untimely

filing because he is mentally ill, that he is mentally retarded, and because he only has a third grade

education should fail. Respondent argues as follows:

> To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been
> pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
> his way' and prevented timely filing." *Lawrence*, 127 S.Ct. at 1085 (citation omitted).
> The requirement that he prove he was prevented from timely filing by extraordinary
> circumstances which were beyond his control or external to his own conduct does not
> include his limited educational background or limited intellectual functioning. *See
> Marsh v. Soares*, 223 F.3d 1217 (10ₜₕ Cir. 2000) ("ignorance of the law, even for an
> incarcerated *pro se* petitioner, generally does not excuse prompt filing") (quotation
> omitted)); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (holding illiteracy
> does not merit equitable tolling). *See also Rose v. Dole*, 945 F.2d 1331, 1335 (6th
> Cir. 1991) (ignorance of the law); *Richard v. Mileski*, 662 F.2d 65, 71 n.10 (D.C. Cir.
> 1981) (ignorance of the law); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.
> 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge
> and legal resources), *cert. denied*, 540 U.S. 971 (2003). Indeed, the United States

Supreme Court has stated that it has never found *pro se* representation or procedural ignorance as an excuse for lack of diligence. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Hughes v. Idaho Bd. of Corrections*, 800 F.2d 905, 908-9 (9th Cir. 1986) (declining to accept *pro se* status, release of an inmate assistant, and illiteracy as cause to excuse a default and, therefore, to justify equitable tolling).

Respondents further submit that Petitioner is not entitled to equitable tolling based upon his claim that he is mentally ill. The Fourth Circuit Court of Appeals has held that equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (only with institutionalization or adjudged incompetence)). The Second, Third, Seventh and Ninth Circuit Courts of Appeals are in apparent agreement with the position that mental health disabilities are not *per se* a basis for equitable tolling, unless they are shown to have affected the ability to timely file. *See Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001); *Boos v. Runyon*, 201 F.3d 178, 184-5 (2nd Cir. 2000); *Grant*, *supra*.

Respondent submitted records (doc.#18) from the SCDC which includes the reception and evaluation records revealing that petitioner had "moderately low intell." and that his WRAT reading was at a 2.6 and his WRAT math was at a 3.6. The records from the division of medical and health services reveals that petitioner's mental health was "ok" and that he was "mentally stable." There were no restrictions placed on his work, cell assignment, or class assignment and it was noted that he had no medical problems. The records from the SCDC Reception and Evaluation Intake Process-Mental Health reveals that petitioner responded to questions that he had never been hospitalized for mental health treatment or evaluation in the past 5 years, and that he had not been in any out patient treatment for his nerves. The records also reveal that petitioner has worked a variety of jobs while incarcerated and received earned work credits for the assignments. Even though petitioner may have a low grade reading level and has "moderately low" intelligence, he has failed to show that he has profound mental incapacity, that he had been institutionalized, or found to be incompetent. See U.S. v. Sosa, supra. Petitioner has failed to show that any mental health disabilities affected his ability to

11

timely file. Petitioner was able to get his federal habeas petition filed, even if with the help of other

inmates as alleged. None of the records from the SCDC reflect that petitioner had any profound

mental incapacity to prevent him from filing on time or entitling him to equitable tolling. Petitioner

has failed to establish that any affliction made it impossible to file during the time available and has

failed to show that he was rendered unable to pursue his legal rights during the one year period.

Petitioner has failed to show or allege any change in condition from the time he was sentenced to the

time he filed this habeas petition. Petitioner does not contend that his mental condition/education

level has improved, or changed, to explain how he has become able to file this habeas petition, even

with the help of other inmates. A habeas petitioner who cannot establish a causal connection between

his alleged lifelong mental incapacity and his ability to file a timely petition cannot be the beneficiary

of equitable tolling. In Benjamin v. State of South Carolina, 2007 WL 4268795 (D.S.C. November

28, 2008), the court held the following;

> A habeas petitioner who cannot establish a causal connection between his alleged
> lifelong mental incapacity and his ability to file a timely petition cannot be the
> beneficiary of equitable tolling. See Lawrence v. Florida, 421 F.3d 1221, 1226-27
> (11th Cir.2005) ( affirmed, --- U.S. ----, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), (
> citing Bilbrey v. Douglas, 124 Fed.Appx. 971, 973 (6th Cir.2005) (finding that
> equitable tolling did not apply because petitioner "failed to establish a causal
> connection between her mental condition and her ability to file a timely petition");
> Green v. Hinsley, 116 Fed.Appx. 749, 751 (7th Cir.2004) (finding that equitable
> tolling did not apply because petitioner failed to submit evidence of how his low IQ
> would render him incompetent or prevent him from timely filing his petition); Fisher
> v. Gibson, 262 F.3d 1135, 1145 (10th Cir.2001) (finding that petitioner's mere
> allegations of incompetency at the time of his guilty pleas did not suffice to warrant
> equitable tolling of the limitations period); Collins v. Scurr, 230 F.3d 1362 (8th
> Cir.2000) (Table) (finding that bald and unsupported assertions that relate to an
> instance of alleged mental incompetency that occurred at a time remote to petitioner's
> habeas petition filing deadline did not equitably toll the statute of limitations); Fisher
> v. Johnson, 174 F.3d 710, 716 (5th Cir.1999) (finding that equitable tolling did not
> apply when petitioner's brief period of incapacity "occurred at a time so remote to his
> deadline" and petitioner could not show that he diligently pursued his application the

remainder of the one-year filing deadline); cf. <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir.2003) (remanding case for further factual development on issue of whether petitioner's mental illness prevented him from timely filing his federal habeas petition as to warrant the application of equitable tolling); <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir.2001) (remanding case for further factual development where petitioner "presented evidence of ongoing, if not consecutive, periods of mental incompetency" because mental incompetence may constitute an extraordinary circumstance for purposes of tolling the statute of limitations when a person's mental deficiency affects his ability to file a timely habeas petition), ( overruled in part, <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)). In sum, Benjamin has not demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control.

Accordingly, petitioner has not alleged facts to entitle him to equitable tolling. Further, based on the fact that petitioner was found guilty and sentenced in 1993, his appeal was denied by the South Carolina Supreme Court and the remittitur was issued on February 22, 1995, petitioner did not file his first PCR application until June 5, 1996, his PCR was dismissed on June 29, 1998, as petitioner voluntarily withdrew the application, and petitioner waited over ten years to file his federal habeas petition, there is no evidence that petitioner exercised due diligence in pursuing an appeal or filing his PCR applications. Under long-established principles, petitioner's lack of due diligence precludes equity's operation. *See*, <u>Irwin</u>, <u>supra</u>. "Equity should not be exercised to save an individual from his own failure to act or be based upon excuses which are little more than attempts to shift blame for the failure to act, rather than to explain an unfairness external to the individual's acts." <u>Tudor</u>, <u>supra</u>.   Based on the fact that petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the undersigned finds that the petition is barred by the statute of limitations.

Petitioner also argues that his "actual innocence"[3] claim overcomes the procedural default

of timeliness requirements, *citing* Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808

(1995) for this contention. This same issue was raised in Bozeman v. Kershaw Correctional Inst.,

2006 WL 516734 (D.S.C. Mar. 1, 2006), in which the District Court held the following:

> Petitioner reads Schlup too broadly. The United States Supreme
> Court held in Schlup that a petitioner who has been sentenced to
> death and raises a claim of actual innocence may avoid the
> prohibition against successive habeas petitions to receive
> consideration of the merits of constitutional claims. The United States
> Supreme Court has not yet held than an "actual innocence" gateway
> remains, so as to excuse an inmate's failure to timely file within the
> one-year statute of limitations. The Fifth and Eighth Circuit Courts of
> Appeals have expressly rejected Petitioner's position. See Cousin v.
> Lensing, 310 F.3d 843, 849 (5th Cir.2002) ("[t]he one-year
> limitations period established by § 2244(d) contains no explicit
> exemption for petitioners claiming actual innocence of the crimes of
> which they have been convicted. As a consequence, a petitioner's
> claims of actual innocence are relevant to the timeliness of his
> petition if they justify equitable tolling of the limitations period. We
> have previously held they do not. Felder v. Johnson, 204 F.3d 168,
> 171 (5th Cir.2000)"); Flanders v. Graves, 299 F.3d 974, 976-77 (8th
> Cir.2002) (habeas petitioner's "actual innocence" claim was not a
> circumstance sufficient to equitably toll the one-year statute of
> limitations for filing a petition for writ of habeas corpus, absent a
> showing that "some action or inaction on the part of the respondent
> that prevented him from discovering the relevant facts in a timely
> fashion, or, at the very least, that a reasonably diligent petitioner
> could not have discovered these facts in time to file a petition within
> the period of limitations"). Furthermore, the Fourth Circuit applies
> the "extraordinary circumstances" test to determine if a habeas corpus
> petitioner is entitled to equitable tolling of the one-year statute of
> limitations period. *See* Rouse v. Lee, 339 F.3d 238 (4th Cir.2003) (en
> banc). Applying that test, Petitioner is "only entitled to equitable
> tolling if he presents (1) extraordinary circumstances, (2) beyond his
> control or external to his own conduct, (3) that prevented him from
> filing on time." Id. at 246.

---

[3] Petitioner claims actual innocence asserting that he withdrew from the common scheme or plan
prior to the act of murder being committed.

>Adopting the reasoning of the Fifth and Eighth Circuits, this Court
>finds that a claim of actual innocence is an insufficient circumstance
>to warrant equitably tolling the statute of limitations without a
>showing that a petitioner has discovered new facts that could not have
>been found with reasonable diligence before the time for filing had
>ended. Moreover, Petitioner has failed to provide any justification to
>equitably toll the one-year statute of limitations period pursuant to the
>"extraordinary circumstances" test as announced in *Rouse.*

Based on the above, petitioner's argument that the claim of actual innocence should toll the statute of limitations is without merit. Accordingly, it is recommended that respondent's motion for summary judgment should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondent's motion for summary judgment (doc. #14) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

15