

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HULON DOTSON, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-3807-HFF-TER |
| | § | |
| WARDEN MCCORMICK CORRECTIONAL | § | |
| INSTITUTION, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 2, 2009, and the Clerk of Court entered Petitioner's objections to the Report on April 20, 2009.

In the Report, the Magistrate Judge concluded that Petitioner's claims were barred by the one-year statute of limitations applicable to § 2254 petitions codified at 28 U.S.C. § 2244(d) because he waited over ten years to file the present petition after his final state post conviction relief proceeding. In response to this conclusion, Petitioner makes four objections.

First, he contends that the Magistrate Judge should have appointed counsel to represent him in this proceeding. This argument is perhaps best construed as an objection to the Magistrate Judge's Order dated April 2, 2009, denying Petitioner's motion to appoint counsel. Such objections to nondispositive matters will be modified only if they are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Magistrate Judge's decision to deny Petitioner's motion to appoint counsel was neither clearly erroneous nor contrary to law because there is no right to appointed counsel in § 2254 petitions. *Murray v. Giarratano*, 491 U.S. 1, 7-8 (1989) (holding that there is no federal constitutional right to counsel for indigent prisoners seeking state post conviction relief). Moreover, Petitioner fails to present a colorable claim that would warrant the appointment of counsel. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."). Thus, this objection is without merit.

Petitioner next argues that the Magistrate Judge failed to address his claim that he was denied due process because he was not given a mental competency evaluation before his conviction. To begin, the Court notes that Petitioner never explicitly raised this argument in his habeas petition. Thus, it is certainly understandable that the Magistrate Judge failed to consider it. However, the

Magistrate Judge did discuss at length Petitioner's alleged mental incompetency and its impact on the doctrine of equitable tolling. (Report 7-12.) Moreover, Petitioner fails to explain how this argument survives the statute of limitations bar addressed in the Report. Petitioner did raise this argument in his PCR proceeding twelve years ago. However, he withdrew that petition before it was heard on its merits, and, thus, this argument was never presented to the Supreme Court of South Carolina. Petitioner fails to show cause as to why he did not pursue this claim nor does he assert prejudice therefrom; thus, Petitioner is also procedurally barred from raising this argument at this time. In short, Petitioner's second objection lacks merit.

Third, Petitioner contends that the Magistrate Judge failed to address the merits of the claim that he was actually innocent because he withdrew from the conspiracy prior to the criminal act. This characterization of the Report is not entirely accurate. The Report discusses at length Petitioner's actual innocence claim in the context of whether to equitably toll the statute of limitations. (Report 14-15.) The Magistrate Judge properly concluded that Petitioner's claim of actual innocence does not equitably toll the statute of limitations. As to the underlying merits of the claim, Petitioner failed to raise this argument in his direct appeal and his state post conviction relief application. Petitioner again fails to show cause for this failure or prejudice therefrom. Thus, this objection is without merit.

Lastly, Petitioner argues that he could not respond to the statute of limitations determination without the benefit of counsel and expert evaluation of his mental state. As noted above, habeas petitioners are not entitled to appointed counsel, though they can be appointed in exceptional circumstances. Such circumstances include situations where a petitioner has a colorable claim but lacks the capacity to present it. *Gordon*, 574 F.2d at 1153. As discussed in detail in the Report,

Petitioner's claim is not colorable because it is barred by the statute of limitations.  Thus, after having carefully reviewed the record, the Court agrees with the Magistrate Judge that this is not one of those exceptional cases justifying the appointment of counsel.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (noting power to appoint counsel is discretionary) (disapproved on other grounds by *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 300 (1989)).  Therefore, the Court finds this objection and all of Petitioner's objections to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and the petition **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 24th day of April, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.